IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES I. CRAWFORD and MARY K. CRAWFORD, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | 1-15-CV-226  RP |
| GREEN TREE SERVICING, LLC and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as Trustee on Behalf of CWABS, Inc. Asset-Backed Certificates Trust 2005-4, | § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Green Tree Servicing, LLC and The Bank of New York Mellon Trust Company, N.A. as Trustee on Behalf of CWABS, Inc. Asset-Backed  Certificates Trust 2005-4's Motion to Dismiss, filed May 13, 2015 (Clerk's Dkt. #9) and the responsive pleadings thereto.  After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I.  BACKGROUND

On February 18, 2015 Plaintiffs James I. Crawford and Mary K. Crawford filed this action in the 277th Judicial District Court of Williamson County, Texas.  Plaintiffs named as sole defendant Green Tree Servicing, LLC ("Green Tree").  Defendant removed the action to this court on March 20, 2015.  Plaintiffs thereafter filed an amended complaint, adding defendant The Bank of New York Mellon Trust Company, N.A. as Trustee on Behalf of CWABS, Inc. Asset-Backed  Certificates Trust 2005-4 ("BONY").

By way of their amended complaint, Plaintiffs allege they are the owners of residential real property located at 303 Dove Creek Dr., Round Rock, Texas ("the Property").  According to Plaintiffs, they executed a Texas Home Equity Adjustable Rate Note ("Note") and Texas Home

Equity Security Instrument ("Security Instrument") in March 2005 to obtain a home equity loan on the Property from APB Mortgage, LLC ("APB").  According to Plaintiffs, within a few months, APB transferred the loan to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BOA").  Plaintiffs state they thereafter made payments in accordance with the terms of the Note to BOA.  (First Am. Compl. ¶¶ 4.1-4.3).

Plaintiffs further allege, in 2009, they suffered a loss of income and began falling behind on their loan payments.  Plaintiffs state, at BOA's suggestion, they applied for a modification of their loan.  They allege, while in consideration for modification, they still received from BOA notices of default and intent to accelerate, as well as other foreclosure-related communications.  Plaintiffs further allege that, during the modification process, BOA sold and transferred their loan.  They state they repeatedly tried, without success, to find out from BOA to whom their loan was transferred. In addition, Plaintiffs state at some point they obtained sufficient funds to satisfy the arrearage on their loan, but BOA would not give them a reinstatement quote or inform them who they should be paying.  (*Id*. ¶¶ 4.4-4.5).

Plaintiffs further allege that they discovered their loan had been purchased by BONY in January 2012 when BONY instituted foreclosure proceedings against them.  They allege the foreclosure action was dismissed in July 2012.  Plaintiffs additionally allege BONY did not afford them an opportunity to make payments on their loan.  (*Id*. ¶ 4.6).

According to Plaintiffs, nearly a year would pass before they received contact from Green Tree, as mortgage servicer for BONY.  Plaintiffs state, by that time, they had incurred a substantial arrearage and were unable to simply pay the amount owed.  They further state, to date, they have not been afforded a reasonable opportunity to reinstate their loan payments.  Plaintiffs additionally allege Green Tree, on behalf of BONY, instituted another foreclosure action in Texas state court on August 22, 2014.  (*Id*. ¶¶ 4.7-4.8).

Plaintiffs assert a claim for breach of contract, on the ground that the Security Instrument

2

entitles them to written notice regarding changes in ownership of their loan and changes in the loan servicer, as well as a right to reinstatement after acceleration by paying all sums due under the Security Instrument.  (*Id*. ¶¶ 5.1-5.5).  Plaintiffs also assert a cause of action for a declaratory judgment that Defendants' breach of contract deprives them of the right to foreclose, and also that any right Defendants have to foreclose is barred by the statute of limitations, due to the prior acceleration of the loan.  (*Id*. ¶¶ 5.6-5.10).  Plaintiffs demand monetary damages, specific performance, declaratory relief, costs and attorney's fees.  (*Id*. at 6-7).

Defendants have now filed a motion to dismiss Plaintiffs' complaint for failure to state a claim.  The parties have filed responsive pleadings and the matter is ripe for determination.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009).  The standard is properly guided by "[t]wo working principles."  *Id.*  First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable

to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Second, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### III.  DISCUSSION

Defendants have moved to dismiss Plaintiffs' complaint for failure to state a valid claim.  In so doing, they assert Plaintiffs have not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  However, a review of their motion makes clear that the focus of the arguments raised by Defendants is not the factual insufficiencies of Plaintiffs' pleadings, but rather, their contention that they have "provide[d] facts and evidence that show Plaintiffs' [First Amended Complaint] does not state a claim upon which relief can be granted.'  (Def. Reply at 2).

Defendants correctly point out that, in determining a motion to dismiss, courts must consider the complaint as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007).  *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (documents that defendant attaches to motion to dismiss are considered part of pleadings if they are referred to in plaintiff's complaint and are central to her claim).  Thus, as Plaintiffs concede, for example, the Court could properly consider the Note and Security Instrument

in reviewing Defendants' motion.

But Defendants have not limited themselves to those documents.  Rather, in their motion they provide copies of, and ask the Court to consider, an array of other documents.  For example, Defendants maintain Plaintiffs' contention that they did not receive notice of the change in the owner and servicer of their loan is rebutted by letters and notices sent to them, copies of which they attach to their motion.  (Def. Mot. Exs. G-1, G-3).  Defendants also contend Plaintiffs were provided a reinstatement quote, and attach a copy of that correspondence.  (*Id*. Ex. G-2).  And Defendants rely on these, and other, documents in arguing Plaintiffs' breach of contract claim should be dismissed as "factually inaccurate."  (Def. Mot. at 8).

Simply put, Defendants have ventured far outside the pleadings in their motion to dismiss. While the Court could convert the motion to a motion for summary judgment, this case is still in its early stages, and the parties have not had time to engage in any discovery.  *See General Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007) (district court has complete discretion when presented "matters outside the pleading" with motion to dismiss under Rule 12(b)(6) to convert motion to motion for summary judgment).  Accordingly, the Court declines to convert the motion to one for summary judgment.  As Defendants have not shown they are entitled to dismissal of Plaintiffs' claims for failure to state a claim, their motion to dismiss is properly denied.

## IV.  CONCLUSION

The Court hereby **DENIES** Green Tree Servicing, LLC and  The Bank of New York Mellon

Trust Company, N.A. as Trustee on Behalf of CWABS, Inc. Asset-Backed Certificates Trust 2005-4's Motion to Dismiss (Clerk's Dkt. #9).

      **SIGNED** on September 1, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE